# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-876V
Filed: March 8, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| FRIEDA LAUBER, *parent of* O.K., | * | |
| *a minor*, | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 6, 2015, the undersigned issued a Decision awarding petitioners compensation pursuant to the parties' stipulation. On February 18, 2016, petitioner filed an application for attorneys' fees and costs, requesting $79,320.10 in attorneys' fees, $25,255.77 in attorneys' costs, and $5.22 in petitioner's costs, for a total fees and costs award of $104,581.09. Petitioner's ("Pet'r's") Application ("App.") at ¶ A.

For the reasons set forth below, the undersigned awards petitioner a total of $104,581.09 in reimbursement for attorneys' fees and costs.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

**I.     Procedural History**

On December 14, 2011, Frieda Lauber ("petitioner") filed a petition on behalf of her minor daughter, O.K., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving diphtheria-tetanus-acellular pertussis ("Dtap"), and meningococcal conjugate vaccines on or about January 12, 2009, O.K. developed acute disseminated encephalomyelitis ("ADEM") and multiple sclerosis ("MS").  Stipulation ¶ 2, 4.  Further, petitioner alleged that O.K. experienced residual effects of her injury for more than six months.  Id. at ¶ 4.  On October 13, 2015, the parties filed a stipulation stating that a decision should be entered awarding compensation.  The undersigned issued a Decision pursuant to the parties' stipulation on November 6, 2015.

On February 18, 2016, petitioner filed an application for attorneys' fees and costs, requesting $79,320.10 in attorneys' fees, and $25,255.77 in attorneys' costs.  Pet'r's App. at 1.  In accordance with General Order #9, petitioner's counsel states that petitioner incurred $5.22 in costs.  Id.; Pet'r & Counsel's Statement at 1.  Respondent filed a response to petitioner's application on March 3, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $53,500.00 to $63,500.00.  Respondent therefore respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Resp's Resp. at 3 (footnote omitted).  This matter is now ripe for adjudication.

**II.    Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

   **a.   Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

The issue of an appropriate hourly rate for the attorneys, paralegals, and law clerks at Conway, Homer & Chin-Caplan ("CHCC") was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Those rates were utilized in Petitioner's Application for Attorneys' Fees and Costs.  In addition, petitioners' application included an adequate log of the hours and dates of services performed on this case, and the names of the person providing the services.  See Pet'r's App., Tab A.  On review of petitioner's application and billing log, the undersigned finds the number of hours expended reasonable.

Accordingly, as requested by petitioners, **the undersigned awards $79,320.10 in attorneys' fees.**

### b. Costs

Petitioner requests $25,255.77 for attorneys' costs incurred by CHCC and $5.22 in petitioner's costs.  Upon review, the undersigned finds the requested costs associated with the litigation of this claim reasonable.  Accordingly, as requested, **the undersigned awards $25,255.77 in attorneys' costs and $5.22 in petitioner's costs.**

### III. Conclusion

The undersigned finds the requested total attorneys' fees and costs of of $104,581.09 reasonable.  Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $53,500.00 to $63,500.00."  Resp's Resp. at 3.  Respondent does not specifically identify the "similar cases" upon which her suggestion is based, and the undersigned is impressed that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases.  The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable.  As respondent states, "special masters may rely on their prior experience in making reasonable fee determinations."  Id. at 2.  Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds the requested total of $104,581.09 reasonable.

The undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $104,575.87 in the form of a check payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C., for attorneys' fees and costs.**

**(2) A lump sum of $5.22 in the form of a check payable to petitioner, for petitioner's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.